Filed 6/19/13  P. v. Figueroa CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G046456 |
| v. | (Super. Ct. No. 08NF0581) |
| MARK ANTHONY FIGUEROA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Francisco P. Briseno, Judge.  Affirmed in part, reversed in part, and remanded for resentencing.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Mark Anthony Figueroa of second degree murder (Pen. Code, § 187; all further statutory references are to this code) and street terrorism (§ 186.22, subd. (a)). It also found true he committed the murder for the benefit of a criminal street gang. (§ 186.22, subd. (b).) After defendant admitted he had served a prior prison term (§ 667.5, subd. (b)), the trial court sentenced him to 25 years to life, consisting of 15 years to life for second degree murder and an additional 10 years for the gang allegation. It also imposed, then stayed under section 654, a two-year sentence for the street terrorism count; it struck the prior prison term allegation for sentencing purposes.

Defendant contends the court abused its discretion in failing to conduct a hearing to determine if a juror had been improperly influenced by seeing gang graffiti and his moniker in a courthouse bathroom. He also argues the court erred in imposing the 10-year enhancement for the gang allegation rather than striking it. Agreeing with the latter contention, we remand the case for resentencing. In all other respects, the judgment is affirmed.

FACTS

In November 2007, defendant and several men attacked Victor Hernandez, a member of the Baker Street gang, until he fell to the ground. Defendant then stabbed him in the chest, resulting in Hernandez's death.

DISCUSSION

1. *Failure to Conduct a Hearing on Alleged Juror Misconduct*

During the presentation of the defense case, a juror informed the bailiff that the words "FTT" and "Slugger," which evidence at trial established were defendant's

2

gang and moniker, respectively, were written in the restroom next to the courtroom. The court deferred discussion until the next day after the conclusion of testimony, closing arguments, and the reading of jury instructions.

While instructing the jurors, the court admonished them: "[Y]ou might have seen some other items . . . around the courtroom, but I need to be able to tell the parties that whatever your impressions are in that area, that you cannot use that for the purpose of making any conclusions about the culpability of the person that's standing on trial. And I need you to feel comfortable telling me that you can fulfill your obligation and oath in that regard. [¶] Is there any juror that feels you would not be comfortable or able to follow the court's admonition? Just stay with what the law is, just stay with the evidence, and be able to just focus in on that for the purpose of making whatever decision you feel is appropriate or just or lawful. [¶] Does anybody have any difficulties in following that direction? And don't feel bad if you do. You just need to tell me, because I have an alternate here, and we can proceed about that. . . . Does everybody feel that you can follow the court's direction?" In response, someone answered, "Yes, sir." No juror indicated he or she could not follow the court's instruction. Shortly thereafter the court excused the jury for the night.

Outside the jury's presence, the court explained it gave the general admonition because it "didn't feel it was appropriate to make any further inquiry." Defense counsel requested the court inquire of the juror to determine whether or not she "has been intimidated, is concerned, [or] is afraid, because that etching or that graffiti has been placed in the restroom and she saw it during the course of the trial." The court repeated that it did not believe it "should make any further inquiry, based on the information that's been provided to the court" and denied the request.

3

Defendant contends the court prejudicially erred in failing to conduct a hearing to determine if the juror had been improperly influenced by the bathroom graffiti. We disagree.

"'[W]hen a court is put "on notice that improper or external influences were being brought to bear on a juror . . . 'it is the court's duty to make whatever inquiry is reasonably necessary to determine if the juror should be discharged . . . .'" [Citation.] Such an inquiry is central to maintaining the integrity of the jury system, and therefore is central to the criminal defendant's right to a fair trial. [Citation.]' [Citation.] On the other hand, 'not every incident involving a juror's conduct requires or warrants further investigation. "The decision whether to investigate the possibility of juror bias, incompetence, or misconduct—like the ultimate decision to retain or discharge a juror—rests within the sound discretion of the trial court. [Citation.] . . . [¶] . . . [A] hearing is required only where the court possesses information which, if proven to be true, would constitute 'good cause' to doubt a juror's ability to perform his duties and would justify his removal from the case."'" (*People v. Fuiava* (2012) 53 Cal.4th 622, 702.)

Here, the juror never claimed to be intimidated by or concerned about the graffiti and the court could have reasonably recognized the danger in suggesting that to the juror. Thus, rather than hold a hearing to determine whether the one particular juror had been influenced by the graffiti, the court instructed all jurors that they could not use anything they had seen around the courtroom in determining whether defendant was guilty but must base their decision solely on the evidence presented at trial. It then asked the entire jury panel if any juror felt he or she could not follow those instructions. No one responded or gave any indication they could not, including the juror who brought the graffiti to the court's attention. "'Absent any contrary indication, we presume the jury followed the instruction[s]'" (*People v. Williams* (2010) 49 Cal.4th 405, 469) and because the court possessed no information that would have constituted good cause to

4

doubt any juror's ability to perform his or her duties, it did not abuse its discretion in determining a hearing was not necessary.

To the extent defendant is arguing juror misconduct, such a claim "is waived when the defendant fails to object to a juror's continued service and fails to seek a mistrial based upon prejudice." (*People v. Russell* (2010) 50 Cal.4th 1228, 1250.) In this case, defense counsel only asked the court to inquire as to whether the juror was "intimidated," "concerned," or afraid" and never objected to the "juror's continued service" or sought "a mistrial based upon prejudice." (*Ibid*.) Any claim of juror misconduct is thus forfeited.

*2. Gang Enhancement*

Defendant argues, and the Attorney General agrees, as do we, the court erred in imposing a consecutive 10-year gang enhancement under section 186.22, subdivision (b)(1)(C) instead of the 15-year parole minimum mandated by section 186.22, subdivision (b)(5). According to *People v. Lopez* (2005) 34 Cal.4th 1002, 1004, "section 186.22, subdivision (b) establishes alternative methods for punishing felons whose crimes were committed for the benefit of a criminal street gang. Section 186.22, subdivision (b)(1)(C) . . . imposes a 10-year enhancement when such a defendant commits a violent felony. Section 186.22(b)(1)(C) does not apply, however, where the violent felony is 'punishable by imprisonment in the state prison for life.' [Citation.] Instead, section 186.22, subdivision (b)(5) . . . applies and imposes a minimum term of 15 years before the defendant may be considered for parole." Because defendant was sentenced to an indeterminate 15-years to life term on his conviction for second degree murder, the 15-year parole eligibility provision of section 186.22, subdivision (b)(5) applied rather than the 10-year enhancement term of section 186.22, subdivision (b)(1)(C). The sentence is vacated and the matter remanded for resentencing. (*People v. Campos* (2011) 196 Cal.App.4th 438, 455.)

DISPOSITION

We vacate defendant's sentence and remand for resentencing in accordance with this opinion.  In all other respects, the judgment is affirmed.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

6